

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~ATTORNEY GENERAL~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3261
Re: Whether Federal Land Bank may pay
taxes assessed against particular
piece of land, the same having
been reduced to judgment, and the
judgment also foreclosing other
taxes on different lands.

We have your letter of March 11, 1941, accompanied by correspondence between you and W.L. Hutson, Tax Assessor and Collector of Trinity County, and there also being attached copy of a judgment rendered by the District Court of Trinity County at the March Term, 1936, in Cause No. 1914, styled State of Texas v. Dudley Werner. In that judgement foreclosure in behalf of the State was ordered upon several different tracts or parcels of land for taxes delinquent for the years 1930 to 1934, inclusive. The Federal Land Bank has a lien on a particular 80 acres out of the A.L. Slawson Survey and desires to pay the taxes due and ordered foreclosed against that particular tract, without paying the taxes ordered foreclosed on the other pieces of property mentioned in the judgment. You request our opinion as to whether the Bank should be permitted to make such payment. We assume from the correspondence that no order of sale has issued and that an abstract of the judgment has not been filed.

At our request you have obtained for us a copy of the petition in said cause No. 1914. If the judgment itself does not make it clear that said 80 acre tract was separately assessed for the taxes due against it for the years in question, a reading of the petition itself dispels any doubt on that score. It clearly appears therefrom that all of the tracts described in the judgment were not assessed in solido or as a single whole but that the tract in question was separately assessed from any of the other tracts. Such being true, the court was powerless, even if it had so attempted, to fix a lien on this tract and order it sold for taxes assessed against the other lands. State Mtg. Corp. v. Ludwig, 48 S.W. (2) 950; Davis v. West, 5 S.W. (2) 870; Richey v. Moor, 249 S.W. 172. We accordingly answer your question in the affirmative.

You also sent us copy of a judgment rendered by the same court in Cause No. 1943, styled State of Texas v. N.G. Magee, and submitted a similar question regarding it. We did not request a copy of the petition in that case, feeling that our answer to your question in regard to cause No. 1914 would be a sufficient guide for the Tax Assessor

and Collector.  If there is any substantial difference in the two pro-
ceedings you may obtain for us a copy of the petition and we will be
glad to advise you regarding Cause No. 1943.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Glenn R. Lewis
    Glenn R. Lewis
    Assistant

GRL:js:wc

APPROVED APR 16, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman